THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Roshan John and Jemma John,

Plaintiffs,

vs.

Scripto Tokai Corporation and Tokai Corporation,

Defendants.

**STIPULATION REGARDING CONFIDENTIALITY OF DOCUMENTS AND ORDER**

Court File No. 00-2472 (ADM/SRN)

IT IS HEREBY STIPULATED by and between defendants SCRIPTO-TOKAI CORPORATION ("Scripto") and Tokai Corporation ("Tokai") (collectively referred to as "Scripto") and plaintiffs Roshan John and Jemma John, through their undersigned counsel of record as follows:

In order to preserve and maintain the confidentiality of certain documents to be produced by or otherwise made available by Scripto in the above-captioned action which contain proprietary and/or trade secret information, Scripto and plaintiffs hereby stipulate and agree as follows:

1. Documents to be produced or otherwise made available by Scripto during discovery in this litigation, may contain trade secrets and other confidential research, development, and commercial information of Scripto or affiliated companies. These documents are hereafter referred to as "Protected Document(s)." Except as otherwise indicated below, all documents that have been designated as "Confidential" that are produced by Scripto to plaintiffs, their attorneys, consultants, agents, or experts in this action shall be Protected Documents and be given confidential treatment as described below.

2. Protected Documents shall not include: (a) advertising materials; (b) materials that on their face show that they have been published to the general public; and (c) documents

FILED NOV 26 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

that have been submitted to the U. S. Consumer Product Safety Commission without a request for confidential treatment.

3. Documents produced or made available by Scripto in response to plaintiffs' discovery requests shall be copied at plaintiffs' expense and forwarded to plaintiffs' counsel, Steven L. Theesfeld, Yost & Baill, 2350 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402. Prior to or simultaneous with delivery of the copies to plaintiffs' counsel, Scripto will designate which of the documents are considered confidential and Protected Documents. Such designation shall be made by means of a stamp or other marking on the documents themselves. However, such stamp or marking shall be applied in such a manner as not to obscure any portion of the document itself and otherwise preserve the legibility of the document in its entirety.

4. If plaintiffs contend that any document has been erroneously designated "Confidential," it shall nevertheless treat the document as a Protected Document unless and until it either: (a) obtains Scripto's written permission to do otherwise; or (b) obtains an order of this Court finding that the document is not a Protected Document.

5. Protected Documents and the material contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action. Except as provided for in the paragraphs below, plaintiffs shall keep all Protected Documents and the material contained therein confidential from all persons.

6. Except with the prior written consent of Scripto, or upon further order of this Court, plaintiffs, or their representatives, shall show Protected Documents, and shall disclose the contents thereof, only to the following persons (hereinafter referred to as "Qualified Persons"):

a. Roshan John and Jemma John;

b. Plaintiffs' counsel of record in this action;

c. Employees of plaintiffs' counsel assigned to and necessary to assist such counsel in the preparation of trial;

d. Independent experts and consultants retained by plaintiffs whose assistance is necessary for the preparation of trial of this specific action, provided that no such disclosure shall be made to any employee of any competitor of any Scripto entity, except upon further order of this Court;

e. Witnesses at any deposition or trial in this matter;

f. Any other person the parties agree to in advance and in writing prior to the proposed disclosure; and

g. The Court.

7. Before providing access to any Protected Document, each Qualified Person to whom plaintiffs or their representatives intend to deliver, exhibit, or disclose any Protected Documents or material contained therein shall be advised of the terms of this order, shall be given a copy of this order, and shall agree in writing, in the form attached hereto as Exhibit "A," to be bound by its terms. Counsel for plaintiff shall maintain a list of all Qualified Persons to whom any Protected Documents or material contained therein is provided, and that list shall be available for inspection by the Court, but shall not be available for inspection by Scripto, except upon Court order.

8. Plaintiffs' counsel shall keep records of all copies of each Protected Document distributed, in whole or in part, to Qualified Persons. Any copy so distributed shall be returned to counsel for plaintiffs after the completion of the Qualified Person's consultation or representation in this case.

9. To the extent that any Protected Document or information obtained therefrom is used in the taking of depositions, such documents or information shall remain subject to the provisions of this order, along with the transcript pages of the deposition testimony dealing with the Protected Documents or information. At the time any Protected Document is used in any

deposition, the reporter will be informed of this stipulation and order and will be required to operate in a manner consistent with this stipulation and order, and the reporter shall separately label the confidential portions of the deposition transcript.

10. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope is sealed and contains confidential information produced in this case by defendant Scripto-Tokai Corporation and is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of this Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

11. Promptly after the conclusion of this action (including the final disposition of any appeals), all Protected Documents, all copies thereof, and all excerpts therefrom shall be returned to counsel for Scripto.

12. Plaintiffs, their counsel, experts, any other representative, or any person retained by plaintiffs to assist in the preparation of this action shall not under any circumstances sell, offer for sale, advertise or publicize the contents of Protected Documents.

13. After termination of this litigation, the provisions of this stipulation and order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this stipulation and order following termination of this litigation.

14. This stipulation and order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control.

IT IS SO STIPULATED.

Dated: 11-13, 2001

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By [signature]
Brian A. Wood (141690)
John J. Wackman (251884)
Attorneys for Defendants
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
(612) 340-7970/340-7944

Dated: 11/09, 2001

YOST & BAILL

By [signature]
Steven L. Theesfeld (216860)
Attorneys for Plaintiffs
2350 One Financial Plaza
120 South Sixth Street
Minneapolis, MN 55402
(612) 332-2549

**ORDER**

The parties having stipulated thereto, and good cause appearing therefore, the foregoing Stipulation is hereby adopted as the Order of the Court.

**IT IS SO ORDERED.**

Dated: November 26, 2001

Susan Richard Nelson
The Honorable Susan Richard Nelson
United States Magistrate Judge

**EXHIBIT "A"**

Written Assurance

________________________________, being duly sworn, states:

That I am fully familiar with and agree to comply with and be bound by the provisions of the Stipulated Protective Order in the litigation entitled Roshan John and Jemma John v. Scripto Tokai Corporation and Tokai Corporation, United States District Court, District of Minnesota Case No. 00-2472

That I will comply with the Stipulated Protective Order and not divulge to persons other than a Qualified Person as defined in paragraph 6 of the Stipulated Protective Order, and will not copy or use except solely for the purposes described in the Stipulated Protective Order, any information designated as "Confidential."

Dated:________________________

________________________________
Name:

Subscribed and sworn to before me
this _____ day of _______, 2001.

________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.