**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**ROSHAN and JEMMA JOHN,**

**Plaintiffs,**

**v.**

**SCRIPTO-TOKAI CORPORATION and TOKAI CORPORATION,**

**Defendants.**

**Civil No. 00-2472(ADM/SRN)**

**ORDER**

---

Steven L. Theesfeld, Esq., on behalf of the Plaintiffs.

John J. Wackman, Esq., on behalf of the Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on a motion by Plaintiffs Roshan and Jemma John for issuance of a protective order, pursuant to Fed. R. Civ. P. 26(c)(4), barring the deposition of the Plaintiffs' minor children. The Plaintiffs waived oral argument and, pursuant to their request, the Court has arrived upon a ruling based on the parties' written arguments.

On February 6, 2002, Mr. Wackman, counsel for the Defendants,

FEB 27 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

obtained (and subsequently served) subpoenas commanding the Plaintiffs' minor children, Leema John and Lucas John, to present themselves for deposition on February 26, 2002, at 1:00 p.m. and 3:00 p.m., respectively, at the offices of the Defendants' counsel. See Exhibit D to the Affidavit of Steven L. Theesfeld (Theesfeld Aff.) The subpoenas followed the Plaintiffs' objection to the Defendants' Notices of Deposition dated January 29, 2002, relative to the February 26, 2002, depositions of Leema and Lucas John. See Exhibits A, B and C to the Theesfeld Aff.

This case involves a February 25, 2000, fire at the John's home which was allegedly started by Lucas, then 3½ years old. See Complaint at ¶ 27. It is alleged that Lucas retrieved a Scripto-Tokai Aim N' Flame product from a kitchen cabinet in the John house, took the Aim N' Flame into his parents' walk-in closet, and used it to start a fire which caused significant damage to the John's house. Id. No one was injured in the fire.

In their motion for the issuance of a protective order barring the Defendants from taking the depositions of their children, Plaintiffs Roshan and Jemma John (the Johns) assert that such interrogation would be traumatic for Leema and Lucas John, and that their children remember nothing of the event at issue in this matter. Roshan John has submitted an affidavit in which he states that both children were traumatized by the fire, that it took a great deal of time for them to forget about the fire, and that they have no recollection of

the fire or its aftermath. See Affidavit of Roshan John at ¶¶ 3 and 4. Mr. John also believes that his children would be traumatized and frightened by the deposition interrogation, that the interrogation would likely cause the children to suffer nightmares, and that the interrogation would cause them to sustain emotional distress. See John Aff. at ¶¶ 5-7.

The Defendants oppose the motion for protective order, asserting that it is undisputed that the John children have information which is highly relevant to this case. The Defendants argue that in order to obtain issuance of a protective order under Fed. R. Civ. P. 26(c), "good cause" must be shown by the movant. General Dynamics Corp. v. Selb Manufacturing Co., 481 F.2d 1204, 1212 (8th Cir. 1973). To meet this burden, a movant must show the need for such an order through "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id. The Defendants also point out that "[s]uch determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." Id. Furthermore, "[p]rotective orders prohibiting depositions are rarely granted." Bucher v. Richardson Hosp. Authority, 160 F.R.D. 88, 92 (N.D. Tex. 1994)(citing 8 C. Wright A. Miller, & R. Marcus, Federal Practice and Procedure § 2037 (West 1994)). Finally, the Defendants argue that "[a] witness cannot escape examination by claiming that he has no knowledge of any relevant facts, since the party seeking to take the deposition

is entitled to test his lack of knowledge . . ." 8 Wright & Miller, § 203, p. 500.

The Defendants aver that Roshan John's conclusory assertions advanced in support of the motion for a protective order are insufficient to meet the Plaintiff's burden. The Defendants point out that no medical expert has opined that Leema John and/or Lucas John would be harmed by the deposition experience, and argue that even in Bucher, the court allowed the deposition of a 15 year-old Plaintiff, (a long-term victim of sexual abuse), despite the testimony of the Plaintiff's psychologist that the Plaintiff could not withstand a deposition. Bucher v. Richardson Hosp. Authority, 160 F.R.D. at 92. The Bucher court found that it was "unable to conclude that there are no conditions under which the deposition could safely proceed." Id. at 93.

This Court finds that the Plaintiffs have failed to establish that their children would actually suffer harm as a result of being deposed, and the Court can not so conclude. Although the probative value of the children's testimony may be challenged at a later stage, given the unlikelihood of reliable testimony from children so young, the Defendants do have a right, during the discovery stage of this case, to test the memories of the John children, who may have some information relevant to the claims and defenses asserted in this lawsuit. While the Plaintiffs' motion for a protective order is denied and the Court orders that the depositions of Leema and Lucas John shall proceed, the Court sets the following conditions on these depositions: 1) each child shall be

deposed for no more than one hour; 2) the depositions shall be conducted in a manner sensitive to the children's young ages; 3) the children's parents, Roshan and Jemma John, are permitted to be present during Leema and Lucas' depositions; 4) the Court recommends that the depositions be videotaped; and 5) if the parties desire, the depositions can be conducted at the United States Courthouse in St. Paul.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) The Plaintiffs' Motion for Protective Order (Doc. No. 29 ) is **DENIED**, and the depositions of the Plaintiffs' minor children shall proceed according to the provisions set forth in the body of this Order.

Dated: February 26, 2002.

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge